1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PAMELA GUSTAVIS,                )   Case No. EDCV 08-1608-OP
                               )
            Plaintiff,          )
                               )
      v.                       )   MEMORANDUM OPINION AND
                               )   ORDER
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security,                      )
                               )
            Defendant.         )
                               )

The Court[1] now rules as follows with respect to the four disputed issues
listed in the Joint Stipulation ("JS").[2]

_____

[1]   Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed
before the United States Magistrate Judge in the current action.  (See Dkt.
Nos. 8, 9.)

[2]   As the Court advised the parties in its Case Management Order, the
decision in this case is being made on the basis of the pleadings, the
Administrative Record and the Joint Stipulation filed by the parties.  In
accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court
has determined which party is entitled to judgment under the standards set
forth in 42 U.S.C. § 405(g).

1

# I.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff is raising as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the treating psychiatrist's opinion;

2. Whether the ALJ properly considered the severity of Plaintiff's mental impairment;

3. Whether the ALJ properly considered Plaintiff's testimony regarding the need to use a wheelchair; and

4. Whether the ALJ posed a complete hypothetical question to the vocational expert ("VE").

(JS at 2-3.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v.

1    Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

2                                    **III.**

3                              **DISCUSSION**

4    **A.    The ALJ Failed to Properly Considered the Opinions of the Treating**

5    **Psychiatrist.**

6            On June 26, 2007, Imelda Alfonso, M.D., Plaintiff's treating psychiatrist,

7    completed a Medical Opinion Re: Ability to do Work-Related Activities

8    (Mental) questionnaire on behalf of Plaintiff, in which she indicated on a check-

9    off form that Plaintiff is "unable to meet competitive standards" in a multitude

10   of areas including:  the ability to remember work-like procedures; ability to

11   understand and remember very short and simple instructions; ability to carry out

12   very short and simple instructions; ability to maintain attention for two hour

13   segment; ability to maintain regular attendance and be punctual with customary,

14   usually strict tolerances; ability to deal with stress of semiskilled and skilled

15   work; ability to understand and remember detailed instructions; ability to carry

16   out detailed instructions; ability to sustain an ordinary routine without special

17   supervision; ability to work in coordination with or proximity to others without

18   being distracted by them; ability to make simple work-related decisions; ability

19   to interact appropriately with the general public; ability to maintain socially

20   appropriate behavior; ability to ask simple questions or request assistance;

21   ability to accept instructions and respond appropriately to criticism from

22   supervisors; ability to get along with coworkers or peers without distracting

23   them or exhibiting behavioral extremes; ability to respond appropriately to

24   changes in the work setting; ability to be aware of normal hazards and take

25   appropriate precautions; ability to set realistic goals or make plans

26   independently of others; ability to complete a normal workday and workweek

27   without interruptions from psychologically based symptoms and to perform a

28   consistent pace without an unreasonable number and length of rest periods;

                                      3

ability to travel in unfamiliar places or use public transportation; and ability to deal with normal work stress.  (AR at 238-39.)  Dr. Alfonso also checked off that Plaintiff is "[s]eriously limited, but not precluded" from the ability to adhere to basic standards of neatness and cleanliness.  (Id. at 239.)  Dr. Alfonso specifically stated that the Plaintiff is "still quite depressed with increasing auditory hallucinations" and "thoughts of death." (Id.)  She also noted that Plaintiff's concentration is "quite impaired" and she has "difficulty focusing on anything."  (Id.)  Finally, Dr. Alfonso indicated that Plaintiff would miss more than four days per month from work.  (Id.)

In his decision, the ALJ offered the following discussion concerning Dr. Alfonso's findings:

> I do note that treating psychiatrist Imelda Alfonso, M.D. completed a form on June 6, 2007 indicating the claimant was "unable to meet competitive standards" in essentially every area of functioning (Exhibit 13-F), but as such an assessment is not supported by her own treating records, let alone any other evidence, I cannot give it any weight.  Rather, in the absence of persuasive, objective evidence, I cannot find the claimant has a severe mental impairment.

(Id. at 11.)

It is well established in the Ninth Circuit that a treating physician's opinion is entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual.  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is

1  consistent with other evidence in the record.  20 C.F.R. §§ 404.1527(d),

2  416.927(d).  Where, as appears to be the case here, the treating physician's

3  opinion is uncontroverted by another doctor, it may be rejected only for "clear

4  and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995);

5  Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating

6  physician's opinion is controverted, it may be rejected only if the ALJ makes

7  findings setting forth specific and legitimate reasons that are based on the

8  substantial evidence of record.  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.

9  2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th

10  Cir. 1987).

11      Plaintiff contends that the ALJ failed to discuss any of the limitations

12  posited by Dr. Alfonso, and also failed to provide specific and legitimate

13  reasons for discounting Dr. Alfonso's findings.  (JS at 4-5.)  She also claims

14  that it is not enough for the ALJ to reject Dr. Alfonso's findings on the

15  generally stated ground that they were not supported by treatment notes or any

16  persuasive, objective evidence.  (Id. at 7-8 (citing Embrey v. Bowen, 849 F.2d

17  418, 421-22 (9th Cir. 1988).)  This Court agrees.

18      The ALJ's conclusions that Dr. Alfonso's report is not supported by

19  clinical findings are insufficient as they do not reach the level of specificity

20  required in order to reject the opinion of a treating physician.  Embrey, 849 F.2d

21  at 421-23 ("To say that medical opinions are not supported by sufficient

22  objective findings or are contrary to the preponderant conclusions mandated by

23  the objective findings does not achieve the level of specificity our prior cases

24  have required, even when the objective factors are listed seriatim.  The ALJ

25  must do more than offer his conclusions.  He must set forth his own

26  interpretations and explain why they, rather than the [treating] doctors', are

27  correct.") (footnote omitted); see also McAllister, 888 F.2d at 602 (finding that

28  rejecting the treating physician's opinion on the grounds that it was contrary to

5

clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed")  The ALJ can meet this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  Magallanes, 881 F.2d at 751.

Moreover, the ALJ's assertions concerning the lack of clinical findings to support Dr. Alfonso's opinion are not completely accurate.  It is improper to reject a treating physician's opinion where she provided at least some objective observations and testing in addition to subjective opinions.  See Embrey, 849 F.2d at 421; see also 20 C.F.R. §§ 404.1527, 416.927 (the proper weight that an ALJ should give to a treating physician's opinion depends on whether sufficient data supports the opinion and whether the opinion comports with other evidence in the record); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (when the treating physician diagnosed the claimant with depression, set forth clinical observations supporting the diagnosis, and prescribed psychotherapeutic drugs, the ALJ erred in finding that the claimant had not set forth sufficient evidence to substantiate the mental impairment).

Here, on March 19, 2007, Dr. Alfonso completed an Adult Psychiatric Evaluation on Plaintiff.  (AR at 226-28.)  She found that Plaintiff had a depressed and anxious mood, and reported auditory hallucinations.  (Id. at 227.)  She diagnosed Plaintiff with major depressive disorder, recurrent, severe with psychotic features, assessed Plaintiff with a Global Assessment of Functioning ("GAF") score of 47, and prescribed psychotropic medications.  (Id.)  She also indicated she would refer Plaintiff to a psychiatrist for follow-up.  (Id.)

Thereafter, Dr. Alfonso also saw Plaintiff in May, June, July, August, October, November, and December, and refilled Plaintiff's medications, as evidenced by the progress notes contained in the record.  (See id. at 243.)  In the July questionnaire at issue, in addition to finding Plaintiff was unable to meet

competitive standards on numerous issues, Dr. Alfonso specifically noted that Plaintiff "is still quite depressed with increasing auditory hallucinations & thoughts of death." (Id. at 239.) She also specifically noted that Plaintiff's concentration is quite impaired & [she] has difficulty focusing on anything." (Id.) Consequently, Dr. Alfonso provided some objective observations in July 2007, and the findings of the evaluation completed on March 19, 2007, tend to support Dr. Alfonso's opinion. Given that there are at least some objective medical findings that lend support to Dr. Alfonso's July opinion that Plaintiff suffered from major depressive disorder, recurrent, severe with psychotic features, and had a GAF score of 47,[3] the ALJ's rejection of the opinion of Dr. Alfonso as lacking supporting clinical findings itself lacks substantiation.[4]

---

[3] A GAF score of 47 falls into the "serious symptoms" category, described as "(suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Diagnostic and Statistical Manual of Mental Disorders 34 (American Psychiatric Ass'n ed., 4th ed. 2000).

[4] The Court notes, however, that Plaintiff did not initially claim functional limitations associated with any mental impairments. She claimed her disability began in 2003, and included only physical impairments. (See AR at 23, 49, 56, 96, 99, 119.) It was not until March 2007, that Plaintiff requested an evaluation at the San Bernardino County Department of Mental Health, claiming she was unable to work due to depression and anxiety. (Id. at 226-36.) While claiming to be depressed, and to have auditory hallucinations, Plaintiff's behavior, appearance, and speech were normal. (Id. at 227). Plaintiff's thought processes, thought content, and memory were within normal limits, and her insight and judgment were reported to be fair. (Id.) She was also fully oriented to person, place, time and situation. (Id.) Plaintiff reported a seventeen year history of crack cocaine use but claimed to be "clean" for 1-1/2 years. (Id. at 226.) Plaintiff was prescribed medication, and the medication was refilled on at least seven subsequent visits between May

(continued...)

The ALJ's failure to provide legally specific enough reasons for discounting Dr. Alfonso's opinion regarding Plaintiff's mental condition warrants remand. See Embrey, 849 F.2d at 422 (in disregarding the findings of a treating physician, the ALJ must "provide detailed, reasoned and legitimate rationales" and must relate any "objective factors" he identifies to "the specific medical opinions and findings he rejects"); see, e.g., Nelson v. Barnhart, No. C 00-2986 MMC, 2003 WL 297738, at *4 (N.D. Cal. Feb. 4, 2003) ("Where an ALJ fails to 'give sufficiently specific reasons for rejecting the conclusion of [a physician],' it is proper to remand the matter for 'proper consideration of the physicians' evidence.'") (citation omitted). Accordingly, remand is required for the ALJ to set forth legally sufficient reasons for rejecting Dr. Alfonso's July 2007 opinion, if the ALJ again determines rejection is warranted.[5]

In her second ground for relief, Plaintiff contends that the ALJ failed to properly consider the severity of her mental impairment. (JS at 9.) A "severe" impairment, or combination of impairments, is defined as one that significantly limits physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1520, 416.920. Despite use of the term "severe," most circuits, including

---

[4](...continued)
and December 2007. (Id. at 224, 225, 241, 242, 243.) In June, Plaintiff still reported auditory hallucinations but had only been taking half of her prescribed Seroquel. It was in July that Dr. Alfonso completed the questionnaire at issue. Generally, on her later follow-up visits, Plaintiff reported she was "feeling better and less depressed," and her symptoms were reported as "stabilizing on meds" and otherwise diminished. (Id. at 224, 225, 241, 242). As of December 2007, Dr. Alfonso reported that Plaintiff "claimed to be feeling better & less depressed. Auditory hallucinations have decreased & no delusions noted." (Id. at 241.) At the hearing, Plaintiff stated she was taking medications for depression but that they helped her "a lot." (AR at 39-40.) She did not mention auditory hallucinations.

[5] The Court expresses no view on the merits.

8

the Ninth Circuit, have held that "the step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing Bowen v. Yuckert, 482 U.S. 137, 153-54, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987)). In light of the Court's conclusion that remand is appropriate to properly consider Dr. Alfonso's opinion concerning Plaintiff's mental condition, the ALJ is instructed on remand to also reconsider the severity of Plaintiff's mental impairment at step two of the sequential analysis.

**B.     Plaintiff's Use of a Wheelchair and Hypothetical to the VE.**

For the reasons stated by the Commissioner (see JS at 13-14), the Court agrees that the ALJ did not err in failing to discuss Plaintiff's alleged need for a wheelchair. The Court also disagrees with Plaintiff that the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's credibility and, therefore, her testimony regarding the wheelchair (see id. at 14).

An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing

9

the credibility of the allegedly disabling subjective symptoms. <u>Bunnell</u>, 947 F.2d at 346-47; <u>see also</u> Soc. Sec. Ruling 96-7p; 20 C.F.R. § 404.1529 (2005); <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); <u>Tidwell v. Apfel</u>, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); <u>Orteza v. Shalala</u>, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

Here, the ALJ noted that although Plaintiff takes muscle relaxers and an occasional Vicodin for her pain, her activities of daily living are not affected other than imposing some difficulty with prolonged standing and walking, she receives no treatment for her alleged back pain, she could not say why she left her last job or remember when she last worked, she worked as an in-home health aide in 2006, lifting her patient, and she spent a significant amount of time kneeling in that job.  (AR at 12-13.)

Based on the foregoing, the Court finds the ALJ's credibility finding was supported by substantial evidence and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony.  Thus, there was no error.

Moreover, given the Court's decision on this issue, there was no reason for the ALJ to include Plaintiff's use of a wheelchair in the hypothetical to the VE.

**C.**     **<u>This Case Should Be Remanded for Further Administrative Proceedings.</u>**

10

1   The law is well established that remand for further proceedings is
2   appropriate where additional proceedings could remedy defects in the
3   Commissioner's decision.  Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir.
4   1984).  Remand for payment of benefits is appropriate where no useful purpose
5   would be served by further administrative proceedings, Kornock v. Harris, 648
6   F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed,
7   Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand
8   would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d
9   716, 719 (9th Cir. 1985).  Here, the Court concludes that further administrative
10  proceedings would serve a useful purpose and remedy administrative defects.

## IV.

## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY
ORDERED THAT Judgment be entered reversing the decision of the
Commissioner of Social Security and remanding this matter for further
administrative proceedings consistent with this Memorandum Opinion.

DATED:  October 26, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge

11